

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**TRISH M. BROWN**
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

February 27, 2017

William L. Ghiorso
495 State St., Ste. 500
Salem, OR 97301

Brad T. Summers
Ball Janik LLP
101 SW Main St., Ste. 1100
Portland, OR 97204

**VIA CM/ECF ONLY**

Re: *Eiler v. Can-American, Inc.*, Adv. Proc. No. 16-3104-tmb
   *In re Frank F. Hartner*, Case No. 16-31394-tmb7

Counsel:

This matter came before the court on a Motion Requesting Permission to File an Amended Answer (ECF No. 40, the "Motion"), filed by defendant Patricia Hartner. Ms. Hartner has also filed a proposed amended answer (ECF No. 43, the "Proposed Answer"). Trustee Kenneth Eiler ("Trustee") filed an objection to the Motion (ECF No. 51). The court held oral argument on the Motion on February 22, 2017. I write today to announce my ruling.

Insofar as her responses to the Trustee's complaint are concerned, the Proposed Answer is essentially identical to the answer previously filed by Ms. Hartner. The substantive difference in the Proposed Answer is the addition of eight counterclaims against the Trustee.

As an initial matter, it is unclear at this time whether the court has jurisdiction to enter a final judgment on all of Ms. Hartner's counterclaims. In contravention of Local Bankruptcy Rule 7008-1, Ms. Hartner's counterclaims do not include a statement of whether she consents to this court's entry of final orders or judgment. This error must be remedied before any amended answer can be filed.

I.   **The Counterclaims**

Ms. Hartner seeks leave to plead her counterclaims under Federal Rule of Civil Procedure 15(a)(2) (applicable through Federal Rule of Bankruptcy Procedure 7015). Courts may deny a motion to file an amended pleading if the proposed amendments would be futile. *Leadsinger, Inc. v. BMG Music Publg.*, 512 F.3d 522, 532 (9th Cir. 2008). Thus, while I need not determine the merits of Ms. Hartner's counterclaims at this time, I may deny leave to plead any

counterclaim that is facially insufficient. I therefore consider Ms. Hartner's counterclaims individually.

### A. Breach of Fiduciary Duty

Ms. Hartner's first counterclaim is for breach of fiduciary duty related to the Trustee's actions in taking control of Can-American, Inc. ("CanAm"). This claim contains several specific allegations. The Trustee responds by asserting his quasi-judicial immunity. It is true that "[b]ankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order." *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989). But the Trustee's immunity does not necessarily attach to his actions taken as the controlling shareholder or officer of CanAm, particularly because the general day-to-day management of that corporation is not subject to court approval. Nonetheless, several of Ms. Hartner's specific allegations do concern actions that are covered by the Trustee's immunity and therefore amendment would be futile.

The allegations in paragraphs 21(b), (d) and (e) of the Proposed Answer[1] all concern the Trustee's exercise of business judgment. Courts "are deferential to the business management decisions of a bankruptcy trustee and have held trustees immune from collateral attack for acts of mismanagement when the trustee was acting within his court authorization." *Id.* at 824. Accordingly, the allegations in paragraphs 21(b), (d), and (e) cannot support a claim that will survive the Trustee's immunity. The same result applies to paragraph 21(h), to the extent that the asset sales referred to in that paragraph were conducted pursuant to court order.

In paragraph 21(c), Ms. Hartner alleges that the Trustee violated his fiduciary duty by bringing this adversary proceeding. In other words, Ms. Hartner seeks to hold the Trustee liable for petitioning the court for redress. This claim is subject to heightened scrutiny under the *Noerr-Pennington* doctrine. *See generally*, *Ore. Natural Resources Council v. Mohla*, 944 F.2d 531 (9th Cir. 1991). The *Noerr-Pennington* doctrine recognizes that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV*, 437 F.3d 923, 929 (9th Cir. 2006). This protection extends to petitioning state or federal courts. *Id.* Here, there are no facts alleged that would avoid application of the doctrine. *See Mohla*, 944 F.2d at 533 ("Th[e] heightened level of protection accorded petitioning activity is necessary to avoid a chilling effect on the exercise of this fundamental First Amendment right." (citation and internal quotation marks omitted)). Ms. Hartner may attack the merits of the Trustee's claims in this proceeding, but she cannot penalize him for seeking a judicial determination of the estate's property. *See Sosa*, 437 F.3d at 930 ("[A] finding that a lawsuit was illegal is a burden by itself, because various legal consequences flow from such a finding and because such a finding poses the threat of reputational harm that is

---

[1] In Ms. Hartner's Proposed Answer, the paragraphs responding to the Trustee's Complaint are numbered 1 through 15. Confusingly, the paragraph numbering restarts in the segment of the Proposed Answer that contains Ms. Hartner's counterclaims. All paragraph citations in this ruling refer to the counterclaim segment of the Proposed Answer, beginning on page 5 thereof.

different and additional to any burden posed by other penalties." (internal quotation marks omitted)).

Although the court expresses no opinion as to the merits of the allegations in paragraphs 21(a), (f), and (g), these allegations do suggest potential claims that may not be subject to the Trustee's immunity; therefore, a claim of breach of fiduciary duty based on these paragraphs may be asserted in an amended answer.

### B. Abuse of Control

Ms. Hartner's second counterclaim is styled as a claim for "abuse of control." This claim appears to be largely duplicative of the first counterclaim. To the extent that the second counterclaim concerns actions that are not subject to the trustee's immunity, it can proceed.

### C. Corporate Waste

Ms. Hartner's third cause of action alleges that the Trustee wasted corporate assets. The only specific factual allegation supporting this claim is that Trustee settled CanAm's claim against Marcus and Matthew Fullard-Leo for too little. This is another matter of business judgment which falls within the trustee's quasi-judicial immunity. Here, the Trustee's settlement of the Fullard-Leo claim was noticed and approved by the court, and the Trustee is immune from collateral attack.

### D. Unjust Enrichment

Ms. Hartner alleges as her fourth counterclaim that the Trustee "derived compensation, fees and other benefits from the asserts of Can-American." Proposed Ans. ¶ 36. Ms. Hartner makes no allegation that the Trustee has received any compensation other than that which is prescribed by federal statute. Moreover, any fees received by the Trustee are subject to approval by this court. Accordingly, the Trustee's quasi-judicial immunity bars Ms. Hartner's purported unjust enrichment claim.

### E. Oppressive Conduct

As her fifth counterclaim, Ms. Hartner alleges oppressive conduct and seeks judicial dissolution of CanAm pursuant to ORS 60.664. To the extent that this claim does not seek to impose any personal liability on the Trustee, it is not subject to the Trustee's quasi-judicial immunity, and therefore can be asserted in an amended complaint.

### F. Elder Abuse

Ms. Hartner's sixth counterclaim is for elder abuse. She alleges that the Trustee's "conduct . . . amounted to wrongfully taking or appropriating Patricia Hartner's stock in Can-American." Proposed Ans. ¶ 47. This claim fails on its face. Not only does Ms. Hartner fail to make any factual allegations supporting this claim, she actually *contradicts* her own claim by alleging that she remains a shareholder in CanAm. *Id.* ¶ 12. If, as alleged in paragraph 12, Ms. Hartner is currently a shareholder, then the Trustee has not taken her stock. Accordingly, allowing the elder abuse claim would be futile.

### G. Declaratory Judgment

Ms. Hartner's seventh counterclaim seeks a declaratory judgment regarding the status of CanAm and its assets. This is essentially a mirror image of the Trustee's complaint, and the counterclaim will necessarily be resolved while adjudicating the Trustee's case. Accordingly, Ms. Hartner may plead the seventh counterclaim in an amended answer.

### H. Injunctive Relief

Ms. Hartner's eighth counterclaim seeks injunctive relief based on allegations that the Trustee "has acted and is continuing to act in excess of his authority under the Bankruptcy [C]ode." *Id.* ¶ 53. A claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (applicable through Federal Rule of Bankruptcy Procedure 7008). A claim need not contain "detailed factual allegations," but it must contain more than labels and conclusions or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Ms. Hartner's claim for injunctive relief fails because it is little more than a legal conclusion unsupported by facts. Although (as noted above), Ms. Hartner has stated a claim for potential violations of the Trustee's duties under non-bankruptcy corporate law, nothing in the Proposed Answer suggests that the Trustee has exceeded his authority under the Bankruptcy Code. The Trustee's duties include collecting all property of the estate. 11 U.S.C. § 704(a)(1). Consistent with this duty, the Trustee has asked this court for a determination of whether the assets of CanAm actually constitute the assets of Frank Hartner's bankruptcy estate. *See Wellness Int'l Network v. Sharif*, 135 S.Ct. 1932, 1952 (2015) (Roberts, C.J., dissenting) ("At its most basic level, bankruptcy is an adjudication of interests claimed in a *res*. . . . Defining what constitutes the estate is the necessary starting point of every bankruptcy; a court cannot divide up the estate without first knowing what's in it." (citation and internal quotation marks omitted)). Nothing about the Trustee's actions exceed his authority and there is no basis for injunctive relief based on the facts alleged in the Proposed Answer.

## II. Conclusion

I hold that allowing Ms. Hartner's third, fourth, sixth, and eighth counterclaims would be futile, as would be allowing the first counterclaim to the extent of facts alleged in paragraphs 21(b), (c), (d), (e), and (h). The Motion is denied to the extent of these claims.

This leaves the first counterclaim (to the extent of facts alleged in paragraphs 21(a), (f), and (g)), and the second, fifth, and seventh counterclaims (collectively, the "Allowed Claims"). Federal Rule of Civil Procedure 15(a) encourages courts to liberally grant leave for amended pleadings, and therefore, the Motion will be granted to the extent of the Allowed Claims.

Nonetheless, it is important to note that all of the Allowed Claims presuppose the validity of CanAm's corporate existence. Yet that is the very matter that the Trustee has brought before the court in this adversary proceeding. If Ms. Hartner wishes to plead the Allowed Claims in an

amended pleading that complies with Local Bankruptcy Rule 7008-1, she may.[2] But, if she chooses to file such an amended pleading, the court will enter an order under Federal Rule of Civil Procedure 42(b) (applicable through Federal Rule of Bankruptcy Procedure 7042) deferring all action (including discovery) on the Allowed Claims until *after* adjudication of the Trustee's claims. If the Trustee prevails, then Ms. Hartner's counterclaims will necessarily fail. If the Trustee does not prevail, then Ms. Hartner may pursue the Allowed Claims if she wishes.

For the reasons stated herein, the Motion is granted in part and denied in part.

Very truly yours,

Trish M. Brown

---

[2] Procedurally, if Ms. Hartner wishes to proceed with an amended answer, she must circulate a proposed order granting the Motion pursuant to Local Bankruptcy Rule 9021-1(a). That proposed order must include, as an exhibit, a proposed amended pleading (captioned "First Amended Answer, Counterclaims, and Crossclaims") which is consistent with this ruling. Once the court signs the proposed order granting the Motion, then Ms. Hartner may file the amended answer as a stand-alone docket entry.